IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

S.J.A.,

    Plaintiff,

vs.                                                  Case No. 1:21-cv-0934 MV/JHR

THE GEO GROUP, INC.,
GEORGE STEPHENSON, and
PHILIP BACON,

    Defendants.

# NOTICE AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. The plaintiff filed a Complaint for the Recovery of Damages Caused by Negligence and the Deprivation of Civil Rights [Doc. 1], on September 23, 2021, and an amended complaint [Doc. 5], on October 27, 2021. Plaintiff filed these documents under the initial S.J.A. and did not explain the basis for proceeding under a pseudonym. [*See* Docs. 1, 5]. Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."

Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

1

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n,* 886 F.2d at 1245). If the court grants permission, it often requires plaintiffs to disclose their real names to defendants and to the court in a sealed filing. *Id*. Without such permission, the court may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id*.

**IT IS THEREFORE ORDERED** that the plaintiff must show cause to proceed by pseudonym by **Thursday, January 27, 2022** or their full name should be fully disclosed in filings with the Court. Defendants may respond to plaintiff's submission by **Thursday, February 10, 2022,** but is not required to respond if Defendants agrees with plaintiff's position; failure to file a timely response will constitute a waiver to object to the Court's decision. If the Court determines that the case can proceed under pseudonym, it will order Plaintiff to file a sealed document stating the full name of the Plaintiff.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE