IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

S.J.A.,

     Plaintiff,

vs.                                  Case No. 1:21-cv-0934 MV/JHR

THE GEO GROUP, INC.,
GEORGE STEPHENSON, and
PHILIP BACON,

     Defendants.

## ORDER DENYING PROCEEDING BY PSEUDONYM

THIS MATTER is before the Court to consider proceeding by pseudonym. Having reviewed the parties' submissions and the relevant law, this case does not warrant pseudonymity.

### I.    BACKGROUND

The plaintiff filed a Complaint for the Recovery of Damages Caused by Negligence and the Deprivation of Civil Rights [Doc. 1], on September 23, 2021, and an amended complaint [Doc. 5], on October 27, 2021. He alleges that he was sexually assaulted by his cellmate at Rio Arriba County Detention Center in 2017. [Doc. 5, p. 3].

Plaintiff filed these documents under the initials "S.J.A." and did not explain the basis for proceeding under a pseudonym. [*See* Docs. 1, 5]. The Court thereafter entered a notice and order on January 20, 2022, requiring the plaintiff to show cause to proceed by pseudonym. [Doc. 9, p. 2]. The plaintiff responded on January 26, 2022, and the Defendants replied on February 8, 2022. [Docs. 12, 13]. The plaintiff filed a court-authorized surreply on February 18, 2022. [Docs. 14, 15].

### II.    LEGAL STANDARD

Lawsuits are public events. A plaintiff should be permitted to proceed anonymously

> only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

"[T]he public has an important interest in access to legal proceedings[.]" *Id.* "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id.* Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) (internal citation omitted).

### III.   ANALYSIS

Plaintiff asks the Court to consider the trauma and stigma of a male-on-male sexual assault and the dangers associated with being labeled a "snitch." [Doc. 12, pp. 3-4]. However, the plaintiff's identity has been a matter of public record since October 11, 2018, as it is contained in a predecessor state court case, *State v. Valdez*, M-26-FR-2018-00659.[1] In his surreply, Plaintiff states that he was not aware that his identity is public and is attempting to seal or otherwise protect his identity in the state court case. [Doc. 14-1, p. 1].

Plaintiff filed his surreply on February 18, 2022. [Doc. 14]. As of June 9, 2022, Plaintiff has not filed any update regarding his effort to protect his identity in state court. The state court record does not reflect any attempt, and the plaintiff's identity is still a matter of public record. [*See attached exhibit*]. A plaintiff should be permitted to proceed anonymously only in exceptional

---

[1] Pursuant to Rule 201(a), (d) of the Federal Rules of Evidence, the Court takes judicial notice of this state case.

cases and should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness. *Femedeer*, 227 F.3d at 1246; *Raiser*, 127 F. App'x at 411. The need for anonymity here is minimal since the plaintiff's identity has been a matter of public record for the past three years and remains so for the past three months after acknowledging the public nature of his identity. Lawsuits are public events, and the public has an important interest in access to legal proceedings. *Femedeer*, 227 F.3d at 1246. After weighing the plaintiff's claimed right to privacy against the public interest in favor of openness, this case does not warrant pseudonymity.

**IT IS THEREFORE ORDERED** that, within 14 days of the entry of this Order, the plaintiff must file a corrected complaint replacing the initials "S.J.A." with his full name.  No other changes to the previous amended complaint are authorized by this order.

**SO ORDERED.**

JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

# State of New Mexico

## v.

# Alejandro Valdez

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| M-26-FR-201800659 | La Bree, Craig J. | 10/11/2018 | HOBBS  Magistrate |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | | PARTY # | PARTY NAME |
|---|---|---|---|---|
| D | Defendant | 1 | | VALDEZ ALEJANDRO |
| OF | Officer | 1 | | BENAVIDES JOHN |
| P | Plaintiff | 1 | | STATE OF NEW MEXICO |

## CRIMINAL CHARGE DETAIL

| PARTY | COUNT | SEQ # | STATUTE | CHARGE | CLASS | CHARGE DATE | CIT # | PLEA | DISPOSITION | DISP DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| D 1 | 1 | 1 | 30-9-11(E)(6) | Criminal Sexual Penetration in the Second Degree (Armed with a Deadly Weapon) | F2 | 10/07/2018 | | | | |
| D 1 | 2 | 2 | 30-9-11(E)(6) | Criminal Sexual Penetration in the Second Degree (Armed with a Deadly Weapon) | F2 | 10/07/2018 | | | | |
| D 1 | 3 | 2 | 30-9-11(E)(6) | Criminal Sexual Penetration in the Second Degree (Armed with a Deadly Weapon) | F2 | 10/07/2018 | | | | |
| D 1 | 4 | 2 | 30-9-11(E)(6) | Criminal Sexual Penetration in the Second Degree (Armed with a Deadly Weapon) | F2 | 10/07/2018 | | | | |
| D 1 | 5 | 1 | 30-9-12(C) & 31-18-1 | Criminal Sexual Contact in the Fourth Degree (Deadly Weapon) | F4 | 10/07/2018 | | | | |
| D 1 | 6 | 2 | 30-9-12(C) & 31-18-1 | Criminal Sexual Contact in the Fourth Degree (Deadly Weapon) | F4 | 10/07/2018 | | | | |
| D 1 | 7 | 2 | 30-9-12(C) & 31-18-1 | Criminal Sexual Contact in the Fourth Degree (Deadly Weapon) | F4 | 10/07/2018 | | | | |
| D 1 | 8 | 2 | 30-9-12(C) & 31-18-1 | Criminal Sexual Contact in the Fourth Degree (Deadly Weapon) | F4 | 10/07/2018 | | | | |
| D 1 | 9 | 1 | 30-9-12(D) & 31-19-1 | Criminal Sexual Contact (Misdemeanor) | M | 10/07/2018 | | | | |
| D 1 | 10 | 2 | 30-9-12(D) & 31-19-1 | Criminal Sexual Contact (Misdemeanor) | M | 10/07/2018 | | | | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 03/05/2021 | BWE:  Warrant Validation Complete VALID | | | | |
| 10/11/2018 | OPN: CRIMINAL COMPLAINT FILED | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|---|
| 10/11/2018 | La Bree, Craig J. | 1 | | INITIAL ASSIGNMENT |